**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

–––––––––––––––

**No. 23-4463**

–––––––––––––––

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM JOHN BIRDSALL,

Defendant - Appellant.

–––––––––––––––

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00022-GMG-RWT-1)

–––––––––––––––

Submitted:  February 27, 2024                    Decided:  February 29, 2024

–––––––––––––––

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

–––––––––––––––

Affirmed in part and dismissed in part by unpublished per curiam opinion.

–––––––––––––––

**ON BRIEF:** Aaron D Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

–––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William John Birdsall pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Birdsall to the statutory maximum sentence of 240 months' imprisonment and he now appeals. Birdsall's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the sentence is reasonable. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Birdsall's plea agreement. For the following reasons, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). We will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). We determine whether a defendant knowingly and intelligently agreed to waive his rights to appeal "by reference to the totality of the circumstances." *Id.* (internal quotation marks omitted). "Generally, though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that Birdsall knowingly and voluntarily pleaded guilty and waived his right to appeal and that the waiver is valid and enforceable. Moreover, the issue counsel seeks to

2

raise on appeal falls squarely within the scope of Birdsall's appellate waiver.  Accordingly, we grant the Government's motion to dismiss Birdsall's appeal as to all issues within the waiver's scope and, having identified no potentially meritorious issues that would fall outside the scope of Birdsall's valid appellate waiver, we affirm the remainder of the district court's judgment.

This court requires that counsel inform Birdsall, in writing, of the right to petition the Supreme Court of the United States for further review.  If Birdsall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Birdsall.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3